UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| LINCOLN G. LATHAM JR., | ) | |
| Plaintiff, | ) ) | Civil Action No. |
| v. | ) | 25-11441-FDS |
| ARJUN ROY, | ) ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS**

**SAYLOR, J.**

Plaintiff Lincoln Latham Jr. has filed a complaint in connection with a dispute concerning his eviction from an apartment unit owned by Bridle Path Preservation Associates LP. He is proceeding *pro se*.

The complaint alleges that defendant Arjun Roy—an attorney at Flynn Law Group who represents Bridle Path—violated plaintiff's Fifth Amendment due-process rights by improperly assisting the leasing office in evicting him from the premises. Latham has filed a series of motions, including a motion for a temporary restraining order, along with the complaint.

Roy has moved to dismiss the complaint for lack of subject-matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6). For the following reasons, the motion to dismiss for lack of subject-matter jurisdiction will be granted.

**I.      Background**

The complaint alleges that Lincoln Latham is a resident in an apartment building located in Randolph, Massachusetts, that is owned by Bridle Path Preservation Associates LP. (Compl.

¶ 7). It further alleges that Roy, acting in his capacity as Bridle Path's attorney, "improperly assisted the Bridle Path Leasing Office" when he recommended that a no-trespassing notice be posted near Latham's apartment door. (*Id.* ¶ 5; Compl. Ex. 1 at 1). The trespass notice allegedly violated a "verbal announcement" of the Metro South Housing Court that allegedly prohibited the leasing office from attempting to evict him. (Compl. ¶ 5). The complaint further alleges that Roy supervised a leasing-office employee's entrance of Latham's residence to change the locks on the apartment door. (*Id.* ¶ 2).

The complaint alleges that, in violation of the Fifth Amendment, "defendant Arjun Roy took [Latham's] life,[]liberty,[ and ]property by breaking a[nd] entering to change locks on doors at [his] family residence,[]and then recommending Bridle Path Leasing Office POST a[n] Improper Notice of No Trespass at [his] family residence in violation of Court Directives." (*Id.*). The complaint therefore asserts that the Court has federal-question jurisdiction over the matter. (*Id.* ¶ 6).[1]

Latham seeks an order from the Court directing Roy to (1) give him a new key to his apartment, (2) remove the no-trespassing sign, and (3) pay $95,000 in damages. (*Id.*).

## II.  Standard of Review

On a motion to dismiss for lack of subject-matter jurisdiction pursuant to Rule 12(b)(1), "the party invoking the jurisdiction of a federal court carries the burden of proving its existence." *Johansen v. United States*, 506 F.3d 65, 68 (1st Cir. 2007) (quoting *Murphy v. United States*, 45

---

[1] According to the complaint, both Latham and Roy appear to be domiciled in Massachusetts. (Compl. ¶¶ 4, 7). The complaint alleges an amount in controversy of $95,000, but there is no plausible justification for that value. *See Barrett v. Lombardi*, 239 F.3d 23, 30 (1st Cir. 2001) ("[A] court can dismiss an action for insufficiency of the amount in controversy only when, from the face of the pleadings, it is apparent, to a legal certainty, . . . that the plaintiff never was entitled to recover a sum equal to, or in excess of, the jurisdictional minimum."). The complaint therefore fails to establish the existence of diversity jurisdiction in the matter. *See* 28 U.S.C. § 1332; *see also Carrozza v. CVS Pharm., Inc.*, 992 F.3d 44, 51 (1st Cir. 2021) ("The burden of establishing federal diversity jurisdiction rests on . . . the party invoking federal jurisdiction.").

F.3d 520, 522 (1st Cir. 1995)).  If the party seeking to invoke federal jurisdiction "fails to demonstrate a basis for jurisdiction," the motion to dismiss must be granted.  *Id.*  When ruling on a motion to dismiss under Rule 12(b)(1), the court "must credit the plaintiff's well-[pleaded] factual allegations and draw all reasonable inferences in the plaintiff's favor."  *Merlonghi v. United States*, 620 F.3d 50, 54 (1st Cir. 2010).

To survive a motion to dismiss under Rule 12(b)(6), the complaint must state a claim that is plausible on its face.  *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  In other words, the "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id.* at 555 (citations omitted).  "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556).  When determining whether a complaint satisfies that standard, a court must assume the truth of all well-pleaded facts and give the plaintiff the benefit of all reasonable inferences.  *See Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)).  Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory."  *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Médico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

A document filed by a *pro se* party "is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also* Fed. R. Civ. P. 8(e)

("Pleadings must be construed so as to do justice."). However, while *pro se* complaints are accorded an "extra degree of solicitude," *Rodi v. Ventetuolo*, 941 F.2d 22, 23 (1st Cir. 1991), they still must "set forth factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory," *Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir. 1988).

### III.     Analysis

Courts have federal-question jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim 'arising under' the Constitution or laws of the United States. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006) (citing *Bell v. Hood,* 327 U.S. 678, 681–685 (1946)). "Dismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim is proper only when the claim is 'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida Indian Nation of N.Y. v. County of Oneida,* 414 U.S. 661, 666 (1974)).

Here, the complaint purports to assert federal-question jurisdiction based upon a claim arising under the Fifth Amendment of the United States Constitution. Specifically, it alleges that defendant took plaintiff's "[l]ife, [l]iberty, [and] [p]roperty" by assisting Bridle Path in its eviction proceedings against him. (Compl. ¶ 6).

However, even taking all of the allegations as true, the complaint must nevertheless be dismissed for lack of subject-matter jurisdiction because the due-process clause of the Fifth Amendment only "applies to actions of the federal government, not those of private individuals." *Gerena v. Puerto Rico Legal Servs., Inc.*, 697 F.2d 447, 449 (1st Cir. 1983) (citing *Public Utilities Commission v. Pollak,* 343 U.S. 451, 461 (1952)); *see also Velez-Diaz v. Vega-Irizarry*,

421 F.3d 71, 78-79 (1st Cir. 2005) ("The Due[-]Process Clause applies only to governmental deprivations of life, liberty, or property and thus provides no guarantee of government protection from harms caused by private parties."). Because defendant is a private individual and the complaint does not set forth any pleadings to suggest that he is connected in any way to the federal government, the complaint does not allege "a colorable claim 'arising under' the Constitution or laws of the United States." *See Arbaugh*, 546 U.S. at 513; *see also Walz v. Repros Recovery*, 2025 WL 615363, at *4 (D. Utah Feb. 26, 2025) (dismissing Fifth Amendment claim for lack of subject-matter jurisdiction because defendant was a private actor, not a governmental entity).[2]

Thus, plaintiff has failed to establish that the Court has subject-matter jurisdiction over the matter. The motion to dismiss for lack of subject-matter jurisdiction will therefore be granted. *See Johansen*, 506 F.3d at 68.[3]

### IV.  Conclusion

For the foregoing reasons, the motion to dismiss is GRANTED and all pending motions filed by plaintiff are DENIED.

**So Ordered.**

Dated:  August 13, 2025

/s/ F. Dennis Saylor IV  
F. Dennis Saylor IV  
United States District Judge

---

[2] In any event, even assuming that the complaint does assert a colorable claim under the Constitution or federal law, it does not state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6) because, again, the Fifth Amendment does not apply to actions of private parties. *See Gerena*, 697 F.2d at 449.

[3] Accordingly, plaintiff's other pending motions will be denied. *See Lowenthal v. Massachusetts*, 2014 WL 5285615, at *2 (D. Mass. Oct. 14, 2014) (holding that absent a properly filed complaint "setting out the basis for jurisdiction, the [c]ourt lacks the jurisdiction to grant either a temporary restraining order ('TRO') or a preliminary injunction.") (internal quotations and citations omitted).